UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CASE NO. 4:05cv201 RH/WCS

CHARLES MEYER, on behalf of
himself and other employees similarly
situated,

      Plaintiff,

v.

BOB McKEITHEN & SONS,

      Defendant.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, CHARLES MEYER ("MEYER"), by and through his undersigned attorney, sues the Defendant, BOB McKEITHEN & SONS, and states as follows:

### INTRODUCTION

1. This is an action to recover monetary damages in the form of unpaid overtime wages, and to redress the deprivation of rights secured to Plaintiff by the Fair Labor Standards Act ("FLSA"), *as amended, 29 U.S.C.§201 et. seq.* (hereinafter "FLSA").

### JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §1331, and 28 U.S.C. §1343.

### VENUE

3. The venue of this Court over this controversy is based upon the following:

    a. Plaintiff, MEYER, is a resident of Leon County, Florida.

  b. The unlawful employment practices alleged below occurred and/or were committed in this judicial circuit; and

  c. Defendant, BOB McKEITHEN & SONS, was and continues to be a corporation doing business within this judicial circuit.

## STATEMENT OF FACTS

4. Plaintiff, MEYER, was employed with Defendant, BOB MCKEITHEN & SONS, from approximately January 2002 through January 2004.

5. Plaintiff's, MEYER', employment relationship with Defendant, BOB MCKEITHEN & SONS, was terminated on approximately January 4, 2004.

6. Plaintiff, MEYER, was employed as a roofer for the Defendant, BOB MCKEITHEN & SONS, a roofing and vinyl siding firm.

7. Plaintiff, MEYER, did not have the authority to hire or fire employees or recommend discipline of other coworkers and employees.

8. Plaintiff, MEYER, was otherwise a non-exempt employee for the purposes of overtime.

9. During his employment, Plaintiff, MEYER, earned an hourly rate of $17.50 per hour and sometimes ranging from $13.00 to $25.00 per "square" depending upon the height and pitch of the roof.

10. Plaintiff, MEYER, regularly worked over 40 hours in a given work week.

11. Defendant, BOB MCKEITHEN & SONS, failed to compensate Plaintiff, MEYER, for all regular hours worked, specifically, Defendant failed to compensate Plaintiff time and a half for all hours over 40 per week.

12. Defendant's, BOB MCKEITHEN & SONS, annual gross sales volume exceeds the statutory requirement of $500,000 per annum.

13. Plaintiff, MEYER, brings this claim in favor of himself, as well as all other similarly situated non-exempt employees.

## COUNT 1

## VIOLATION OF THE FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

14. Plaintiff, MEYER, repeats and realleges Paragraphs 1 through 13 as if fully set forth herein.

15. Due to Plaintiff's, MEYER', actual work responsibilities, duties and functions, as aforesaid, he was a non-exempt employee under the Fair labor Standards Act *as amended, 29 U.S.C.§201 et. Seq.* He was, therefore, entitled to all the rights and privileges provided by the FLSA.

16. Plaintiff's, MEYER', employment with Defendant, BOB MCKEITHEN & SONS, was to consist of a normal work week of forty (40) hours for which he – since his first day of employment with BOB MCKEITHEN & SONS -- should have been compensated at the equivalent hourly rate of one and a half times his normal hourly or per "square" rate for all hours worked in excess of forty (40) in a seven day work week.

17. From the time of his hiring, and continuing through his last day of employment, in addition to Plaintiff's, MEYER', normal forty (40) hour work week, Plaintiff worked additional hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half.

18. Plaintiff, MEYER, was entitled to be paid at the rate of time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

19. Records, if any, concerning the number of hours worked by Plaintiff, MEYER, and the actual compensation paid to Plaintiff are in the possession and custody of the Defendant, BOB MCKEITHEN & SONS. Plaintiff, MEYER, intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

20. Defendant, BOB MCKEITHEN & SONS, knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff, MEYER, at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due.

21. Defendant, BOB MCKEITHEN & SONS, failed to properly disclose or apprise Plaintiff, MEYER, of his rights under the FLSA.

22. As a direct and proximate result of Defendant's, BOB MCKEITHEN & SONS, willful disregard of the FLSA, Plaintiff, MEYER, is entitled to liquidated damages pursuant to the FLSA.

23. Due to the willful and unlawful acts of Defendant, BOB MCKEITHEN & SONS, Plaintiff, MEYER, has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

24. Plaintiff, MEYER, is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, MEYER, respectfully requests that judgment be entered in his favor against the Defendant, BOB MCKEITHEN & SONS:

a. Declaring that the Defendant, violated wage provisions of 29 U.S.C. §206 and 29 U.S.C. §207, respectively;

b. Awarding Plaintiff overtime compensation in the amount calculated by the court;

c. Awarding Plaintiff liquidated damages in the amount calculated by the court;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff prejudgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

## COUNT II

## REPRESENTATIVE ACTION FOR OTHER EMPLOYEES SIMILARLY SITUATED

25. Plaintiff, MEYER, realleges and reavers Paragraphs 1 through 13 as if fully stated herein.

26. Pursuant to 29 U.S.C. §216, Plaintiff, MEYER, is provided a statutory right to bring this action on behalf of himself and other employees similarly situated.

27. It is the policy of Defendant, BOB MCKEITHEN & SONS, to not compensate its non-supervisory and nonexempt employees in conformance with the

FLSA. Specifically, those employees do not receive overtime compensation at a rate of time and one-half for hours worked in excess of forty-hours per work week.

28. Instead, upon information and belief Defendant, BOB MCKEITHEN & SONS pays these non-exempt employees without providing them overtime compensation at a rate of time and on-half for hours worked in excess of forty-hours per work week.

29. The approximately ten to fifteen past and present non-exempt employees of Defendant, BOB MCKEITHEN & SONS, as aforesaid, do not regularly supervise two or more employees, do not have management duties, do not exercise independent discretion in important matters, and do not perform duties requiring specialized training or education.

WHEREFORE, Plaintiff, MEYER, respectfully requests that judgment be entered in his favor against Defendant, BOB MCKEITHEN & SONS on behalf of other employees similarly situated as aforesaid:

a. Declaring that the Defendant violated the overtime wage provisions of 29 U.S.C. §207;

b. Awarding other employees similarly situated overtime compensation in the amount calculated by the Court;

c. Awarding other employees similarly situated, liquidated damages in the amount calculated;

d. Awarding said employees similarly situated reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. §216(b);

e. Awarding said employees similarly situated prejudgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues as triable as of right by jury.

DATED: 6/8/05

Respectfully submitted,

James A. Kole
PROCTOR & KOLE
229 Pinewood Drive
Tallahassee, FL 32303-4837
850/422-0880
Fla. Bar #: 0991783